CLARK, Chief Judge,
concurring:
I regret that I feel compelled to add even this bit to the tens of thousands of words published in panel opinion and majority and dissenting opinions of. the en banc court. So much has been written, I fear the elemental principles which should govern this case may be lost without a separate summary.
In this one-asset bankruptcy reorganization, the bankruptcy judge and the district court adopted the position that § 361 required that United Savings Association of Texas be paid periodic cash amounts representing lost opportunity cost because United could not foreclose its lien on the debt- or’s only asset.
I agree with the en banc majority that applying this mandatory construction could be error here, even though I do not agree that an award of such costs is always prohibited. I further agree that the bankruptcy judge should be reminded to adjudicate the rights of the parties before him in each case.[1]
Finally, I would give this bankruptcy court a few straightforward directions. First, look to see whether any controversy has endured the lengthy delay of the appellate process. Second, if so, then follow these basic principles in making your decision:
(a) Reorganization is not a Holy Grail to be pursued at any length. Creditors are entitled to a prompt determination of efficacy.
(b) The Bankruptcy Code recognizes only two classes of creditors: secured and unsecured. Neither class has rights superior to the other.
(c) Secured creditors are secured only to the extent of the value of their security-
id) State law gives unsecured creditors a right similar to that of the secured creditor to foreclose his lien — the right to reduce their claims to judgment and pursue collection. Both rights are equally impaired by bankruptcy proceedings.
(e) The Code neither compels nor prevents a determination that delay in realizing on security should be compensated. To the extent such compensation can be made out of the value of the security, it may be ordered; to the extent it could impair the rights of unsecured creditors, it may not.
*375 I concur in vacating the judgment appealed from and in remanding the cause to the bankruptcy court for proper adjudication under the principles stated above.

. By adopting the panel opinion, the en banc court appears to reject In re Briggs Transportation Co., 780 F.2d 1339 (8th Cir.1985). The panel said Briggs gives “little guidance" about deciding future cases. This rejection gives an uncertain sound. Briggs says what I perceive the majority says — each case must be decided on its own facts and circumstances.